**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KRISTEN JENKINS,

      Plaintiff,

vs.                                        Case No:  3:12-cv-627-J-12MCR

FMA ALLIANCE, LTD.

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motions for Sanctions (Docs 19 and 24) and Plaintiff's Motion to Withdraw (Doc. 26).  The undersigned conducted a hearing to discuss these motions on April 25, 2013.

On May 29, 2012, Plaintiff, Ms. Jenkins, filed a complaint in this Court against Defendant, FMA Alliance, LTD, alleging violations of the Fair Debt Collection Practices Act.  (Doc. 1).  Defendant filed its answer to the Complaint on June 28, 2012 (Doc. 8) and on August 29, 2012, the Court entered its Case Management and Scheduling Order (Doc. 10), setting a discovery deadline of March 28, 2013.  A week prior to the expiration of the discovery period, Defendant filed a motion seeking sanctions against Plaintiff for failing to attend her properly noticed deposition.  (Doc. 19)  Counsel for Plaintiff responded to this Motion (Doc. 22) and argued that sanctions should not be

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a <u>de</u> <u>novo</u> determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

imposed because Plaintiff was unable to attend the deposition due to the fact that she had recently started a new job and could not take the time off.  Counsel assured the Court that Plaintiff would be attending her next scheduled deposition.  As a result of Plaintiff's failure to appear for her deposition, Defendant asked the Court to extend the discovery deadline to April 5, 2013.  (Doc. 18).  The Court granted the request.  (Doc. 20).

Thereafter, Plaintiff's deposition was rescheduled for April 3, 2013.  However, on April 2, 2013, counsel for Plaintiff contacted counsel for Defendant to inform him that Plaintiff would again not be appearing for her deposition.  Counsel for Plaintiff indicated he would be seeking to withdraw as counsel for Plaintiff due to Plaintiff's failure to cooperate with him in discovery.

On April 4, 2013, the Court entered an Order to Show Cause (Doc. 25) directing Plaintiff to show cause why her case should not be dismissed for failure to participate in discovery and therefore, to prosecute her case.  Shortly thereafter the same day, counsel for Plaintiff filed a motion to withdraw (Doc. 26).  The Court then scheduled a hearing for April 25, 2013 and directed Plaintiff to appear in person and for counsel for both Plaintiff and Defendant to appear via telephone.  (Doc. 27).  Plaintiff was warned that "failure to comply with [the] Order and appear at the hearing [would] result in the undersigned entering a Report and Recommendation that [the] case be dismissed for failure to prosecute."  Id.

Despite this warning, Plaintiff did not appear for the hearing, nor did she file anything with the Court requesting a change in the date or time of the hearing. Accordingly, it is respectfully

**RECOMMENDED**:

This case be dismissed for failure to prosecute pursuant to Local Rule 3.10(a) and that Defendant's Motions for Sanctions (Docs 19 and 24) and Plaintiff's Motion to Withdraw (Doc. 26) be denied as moot.

**DONE** and **ENTERED** in Jacksonville, Florida this 25th day of April, 2013.

*[signature]*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Pro Se Plaintiff

- 3 -