**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KRISTEN JENKINS,

     Plaintiff,

vs.                       Case No. 3:12-cv-627-J-12MCR

FMA ALLIANCE, LTD.,

     Defendant.

_____

**ORDER**

     This cause is before the Court on the Report and Recommendation (Doc. 29) of the United States Magistrate Judge recommending that this case be dismissed for failure to prosecute pursuant to Local Rule 3.10(a), and that Defendant's Motions for Sanctions (Doc. 19 and 24) and Plaintiff's Motion to Withdraw (Doc. 26) be denied as moot. As of the date of this Order, no party has filed written objections to the Magistrate Judge's proposed findings and conclusions within the fourteen (14) day objection period, or within the further period of time allowed by the Court's Order (Doc. 31).

     The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of fact are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de

novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615 at *1 (M.D. Fla.  May 14, 2007).

Upon independent review of the Report and Recommendation and the record in this case, the Court adopts and incorporates the findings and conclusions of the United States Magistrate Judge to the extent they are not inconsistent with the additional findings and conclusions set forth below.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir.2009) (quoting Chambers v. NASCO. Inc., 501 U.S. 32, 43,(1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with court orders. Id. (citing Fed.R.Civ.P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir.1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute .... ").

Pursuant to Fed.R.Civ.P. 41(b), a district court may dismiss a complaint for failure to prosecute or to comply with a court order or the federal rules. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir.1999).  Dismissal under Rule 41(b) is appropriate where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. Gratton, 178 F.3d at 1374 (quoting Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir.1985)).   Rule 41(b) recognizes the inherent authority of district

---

[1]     In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981)(en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions  handed down prior to the close of business on September 30, 1981.

courts to involuntarily dismiss a claim with for want of prosecution to prevent undue delays in the disposition of pending cases and to avoid congestion of court calendars.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962).  Rule 3.10(a), Local Rules, United States District Court for the Middle District of Florida, also provides that upon its own motion, a court may dismiss a complaint for want of prosecution upon the issuance of an order to show cause if no satisfactory cause is shown.[2]

As the United States Magistrate Judge points out in the Report and Recommendation, Plaintiff has failed to appear for two scheduled depositions, causing Defendant to file two Motions for Sanctions.  See Docs. 19 and 24.  In Plaintiff's response to the first Motion for Sanctions, her counsel indicated that Plaintiff's failure to appear was due to her recently having secured employment and her inability to take time off from work to attend her deposition.  See Doc. 22 at 4-5.

After counsel for Plaintiff advised Defendant the day before her rescheduled deposition that Plaintiff had indicated she would not attend, Defendant filed a second Motion for Sanctions.  See Doc. 24 at 3.  The Court then issued an Order to Show Cause (Doc.25) directing Plaintiff to show cause in writing why this case should not be dismissed for failure to prosecute pursuant to Local Rule 3.10(a) or to file a notice that her deposition had been conducted.  Plaintiff's attorney did not file a response to the Order to Show Cause, but instead filed a Motion to Withdraw due to Plaintiff's failure to cooperate and the resulting financial hardship of continued representation.  See Doc. 26.  The United States Magistrate

---

[2]     A district court also has broad authority under Fed.R.Civ.P.  37 to control discovery, including dismissal as the most severe sanction.  See Gratton, 178 F.3d at 1374.

Judge ordered Plaintiff to appear in person at the hearing scheduled by the Court on the two Motions for Sanctions and the Motion to Withdraw. <u>See</u> Doc. 27.[3]  Plaintiff did not appear despite also having been notified by her attorney of her obligation to attend or face a possible sanction of dismissal. <u>See</u> Docs. 27 and 28.  After the original fourteen (14) day objection period had passed, the Court directed the Clerk of Court to provided Plaintiff personally with a copy of the Report and Recommendation, and gave her additional time to file an objection to the recommend dismissal of her case. <u>See</u> Doc. 31.  In doing so, the Court again advised Plaintiff that failure to respond to the Court's Order by June 7, 2013, could result in the dismissal of her case with prejudice. <u>See</u> <u>id.</u>  Despite the clear admonition, Plaintiff has failed to respond to the Court's orders.

The Court finds that dismissal with prejudice for lack of prosecution pursuant to Fed.R.Civ.P. 41(b), as well as Local Rule 3.10(a), is appropriate in this case as the record establishes no good cause for Plaintiff's willful refusal to cooperate in discovery or in the prosecution of her case.  Plaintiff has refused to cooperate with her own counsel and counsel for Defendant, and to comply with the orders of the Court.

Plaintiff filed this action on May 29, 2012.  At this point in time, discovery should be concluded. <u>See</u> Endorsed Order, Doc. 20 (extending the discovery deadline to permit rescheduling and completion of Plaintiff's deposition).  Additionally, the mediation deadline has passed with no mediation having been conducted. <u>See</u> Docket generally; and Docs. 11, 17 and 23.  Counsel for both parties and the Court have invested significant time and effort

---

[3]        A non-public entry in the court docket also indicates that the Clerk's Office mailed a copy of the Court's Order (Doc. 27) scheduling the hearing and directing Plaintiff to appear in person to her at a Jacksonville Post Office box.

attempting to ensure that the case moves forward in a timely manner, but the record before the Court establishes that the delay in resolving the case is due to Plaintiff's conduct. Plaintiff has failed to participate in discovery, to communicate with her own counsel, and to respond to the Court's orders.  Despite being cautioned that failure to respond would result in dismissal of her case with prejudice, Plaintiff continues to ignore the Court's orders.  For these reasons the Court finds that no sanction short of dismissal with prejudice is sufficient to sanction Plaintiff's conduct.  Accordingly, it is

ORDERED:

1.      The Court **ADOPTS and INCORPORATES** the Report and Recommendation (Doc.29) of the United States Magistrate Judge to the extent that it is not inconsistent with the findings and conclusions of the Court set forth in this Order.

2.      The case is **DISMISSED WITH PREJUDICE** for failure to prosecute.

3.      The Defendant's Motions for Sanctions (Docs. 19 and 24) and Plaintiff's Motion to Withdraw (Doc. 26) are denied as moot.

4.      The Clerk shall close the case and terminate any pending motions hearings or deadlines.

**DONE AND ORDERED** in Jacksonville, Florida, this 11th day of June, 2013.

MARCIA MORALES HOWARD
United States District Judge

Copies to:      Counsel of Record and Plaintiff:   Kristen Jenkins
                                                 P.O. Box 7055
                                                 Jacksonville, FL 32238-0055